# LITE DEPALMA
## GREENBERG

570 Broad Street / Suite 1201 / Newark, NJ 07102
**P:** 973.623.3000 / **F:** 973.623.0858 / litedepalma.com

Newark ❙ Philadelphia

November 12, 2019

**Via ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court for the District of NJ
M.L.K. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    ***Pinkston v. City of Jersey City, et al.***
             **Civil Action No.: 19-13285 (BRM) (JAD)**

Dear Judge Martinotti:

      This office represents Defendants, the City of Jersey City, Philip Zacche, and James Shea (collectively referred to as the "City" or "City Defendants"), and Defendants Officer Enrique Encarnacion, Officer Melange A. Ramirez, Officer Alexander Ramkesoon, Officer T. Zambrzycki, Officer K. Wendolowski, Officer D. Coleman, Officer P. Egan, Sgt. S. Broderick, Officer N. Gerardi, Officer M. Cortes, Sgt. J. Ransom, Officer A. Rutkowski, Officer M. Szymanski, Sgt. C. Bereguette, Officer A. Cruz, Officer G. Icabalceta, Officer A. Roman, Officer M. Velez, Officer C. Ortiz, Office Brazicki, Office R. Bustamante, Officer R. Oseguera, and Officer A. Scally (collectively referred to as "Defendant Officers" or "Individual Defendants") in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission in reply to Plaintiff's opposition to the City and Individual Defendants' motion to dismiss Plaintiff's Complaint.

## PRELIMINARY STATEMENT

      Plaintiff has named twenty-six (26) Defendants in this matter and has failed to properly allege claims against any of them. Plaintiff's Complaint is a kitchen sink pleading that fails to contain the required specificity to survive a motion to dismiss. The Plaintiff attempts to save the

# LITE DEPALMA
# GREENBERG

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 2

Complaint from dismissal, but he fails to articulate facts in the Complaint that apply to most of the Defendants this motion is filed on behalf of.  Apart from the factual deficiencies, Plaintiff's Complaint also fails as a matter of law.  Plaintiff's opposition does nothing to change the fact that the Complaint does not assert a viable state or federal constitutional claim, a *Monell* claim, and that his claims are barred by the New Jersey Tort Claims Act.  Notably, Plaintiff does not dispute that his claim for excessive force under the Fourteenth Amendment or his claims under the Fifth Amendment should be dismissed.  This silence is a concession that these claims should be dismissed.  To the extent Plaintiff attempts to articulate arguments in defense of his other claims, those arguments are unpersuasive.

In addition, in a desperate attempt to save the deficient Complaint, Plaintiff has improperly attached two exhibits to Plaintiff's Counsel's Certification.  Apart from being irrelevant to the present motion to dismiss, the addition of these exhibits is improper since it seeks to amend the Complaint through an opposition brief and introduce documents outside of the Complaint.  A Complaint cannot be amended by statements in briefs.[1] *See Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007).  Moreover, the Court cannot take judicial notice of the information contained in the Certification of Plaintiff's Counsel.  *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.")

---

[1] Plaintiff attempts to do this throughout his opposition brief.

**LITE**DEPALMA
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 3

Therefore, Plaintiff's opposition fails to adequately address the City's arguments regarding the factual and legal deficiencies in his Complaint. Plaintiff's Complaint should be dismissed in its entirety against the City and the Individual Defendants.

## LEGAL ARGUMENT

I.  **THE COMPLAINT MUST BE DISMISSED AS TO CHIEF OF POLICE ZACCHE, DIRECTOR OF PUBLIC SAFETY JAMES SHEA, AND ALL DEFENDANT OFFICERS.**

First, all official capacity claims brought against Chief Zacche, Director Shea, and the Individual Officers must be dismissed. "[A] lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Cuvo. v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006). The Plaintiff's opposition does not challenge dismissal of the official capacity claims and accordingly, dismissal of these claims is appropriate.

Second, all claims against Chief Zacche and Director Shea must also be dismissed. Plaintiff actually admits that the allegations against the Chief and the Director are not "detailed factual allegations." (Plaintiff's Opposition Brief ("Pl. Opp.") p. 6.) Plaintiff points to five (5) paragraphs in the entire Complaint that he claims establishes the Chief and Director's personal liability. (*See* Pl. Opp. pp. 5-6; Pl.'s Compl. ¶¶33-34, 42, 126-127.) According to Plaintiff, despite not being detailed allegations, these allegations are enough to survive a motion to dismiss. However, on their face these paragraphs are nothing more than ". . .unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). The paragraphs Plaintiff relies on to

3

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 4

establish personal liability are mere conclusory statements—not specific factual averments.

Plaintiff's opposition brief does nothing to overcome the fact that the Complaint fails to establish that the supervisors, Chief Zacche and Director Shea, ". . . participated in violating plaintiffs rights, directed others to violet them, or, as the person in charge, had knowledge of and acquiesced in his subordinates violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 201 0) (quoting *A.M. ex rel. JM.K. v. Luzerne Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). Moreover, Plaintiff has not adequately plead a "causal connection between the supervisor's direction and that violation." *Id*. at 130. Here, the Complaint does not include any factual allegations that Chief Zacche or Director Shea were present or participated in the incident in any way, directed the individual officers under their supervision to act with respect to Plaintiff, or had any contemporaneous knowledge of the incident whatsoever. Thus, the claims against Director Zacche and Director Shea in their individual capacity should be dismissed.

Third, the claims against the Individual Defendants should also be dismissed. It is totally improper to file a lawsuit against dozens of individuals and fail to properly articulate the specific basis for liability as to each named Defendant. The Court should not tolerate a Complaint like Plaintiff's that asserts three paragraphs[2] of general conclusions and tries to apply the same conclusory allegations as the basis for liability for twenty-six (26) named Defendants. Indeed, the Complaint makes it impossible for the Individual Defendants to formulate a proper defense

---

[2] In support of the claims against the Individual Defendants, Plaintiff points to three paragraphs in support of his assertion that the "Complaint does contain clear factual allegations against the individual movant officers." (*See* Pl. Opp. p. 7; Pl.'s Compl. ¶¶38-41.)

803487.1

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 5

since no one can decipher which claims apply to each officer.  By way of example, Officer Coleman is named in the Complaint, but the generalized nature of the Complaint makes it impossible for anyone to know what Plaintiff believes Officer Coleman did on the date of the incident.  How can any Individual Defendant properly defend himself or herself without specific facts setting forth the alleged wrongdoing?

Where the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to the relief sought. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Other than making general statements and bald assertions about the Defendant Officers' conduct, Plaintiff fails to ascribe any specific wrongdoing to each Defendant Officer or to sufficiently allege actual knowledge or acquiescence, thus Plaintiff cannot establish the required personal involvement to sustain a claim against the Individual Officers.  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (establishing that a defendant in a civil rights action must have personal involvement in the alleged wrongdoing.)

The same holds true with regards to Plaintiff's claims for willful misconduct.  Plaintiff claims that all of the Individual Defendants acted willfully, but this defies reason. For example, the Complaint states that every single named officer "willfully maneuvered their vehicles in a matter that caused Plaintiff to crash, and/or crashed their vehicles into Plaintiff."  (Pl. Compl. Count Twelve, ¶100.)   But this is obviously impossible, and this allegation highlights the pleading deficiencies in Plaintiff's Complaint. Accordingly, Plaintiff's Complaint must be

5

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 6

dismissed.

**II.    COUNTS FIVE AND FIFTEEN OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AGAINST THE CITY BECAUSE A PUBLIC ENTITY CANNOT BE HELD LIABLE FOR AN EMPLOYEE'S INTENTIONAL TORTS OR WILLFUL MISCONDUCT UNDER *N.J.S.A.* 59:2-10.**

Apart from the reasons set forth above, Count Five of Plaintiff's Complaint alleging assault and battery against the City and Count Fifteen alleging violations of the New Jersey Tort Claims Act ("NJTCA") for vehicular pursuit policies must be dismissed because they seek redress for intentional conduct.  Nothing in Plaintiff's Complaint or Opposition can overcome the immunity set forth in *N.J.S.A.* 59:2-10 which explicitly provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct."  No individually named Defendant can be held personally liable for the reasons set forth above, and the City cannot be held liable for any of its employee's willful conduct under the NJTCA.[3]

Plaintiff advances an untenable argument that the City, Chief, and director may be liable for their own willful violations of vehicle pursuit regulations.  In support of this baseless position and in an attempt to overcome the insurmountable immunity set forth in *N.J.S.A.* 59:2-10, Plaintiff argues that the City, Chief, and Director can be held liable if they violated the Attorney General's Policy and "willfully refrained from issuing commands related to vehicular pursuits, or

---

[3] Notably, Count Fifteen seeks to hold the Chief of Police, Director of Public Safety, and the City of Jersey City liable for willful conduct. The Chief and Director are obviously City employees and would be covered by *N.J.S.A.* 59:2-10 as well.

6

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 7

otherwise deliberately encouraged or tolerated improper vehicular pursuits" since this would violate state policy. (*See* Pl. Op. pp. 12-14.)  However, this allegation is unsupported, Plaintiff's Complaint does not plead this theory, and regardless, The City, Chief, and Director of Public Safety cannot be held liable for their failure to follow the Attorney General's Policy.  *N.J.S.A.* 59:2-4 provides that "[a] public entity is not liable for an injury caused by adopting or failing to adopt or by failing to enforce any law." Its counterpart, *N.J.S.A.* 59:3-5, immunizes public employees for the same conduct.  Thus, The NJTCA provides immunity from suits arising out of an alleged failure to enforce a law, ordinance or regulation.

Furthermore, Count Fifteen should be dismissed since it raises claims against individuals and entities who are not parties to this case.  Namely, Count Fifteen looks to assert liability for willful misconduct by the Township of Irvington, Tracy Bowers, and others on behalf of Plaintiff Mark Spivey.  (Pl. Compl. ¶129.)

## I. THE CITY AND DEFENDANT OFFICERS ARE ABSOLUTELY IMMUNE FROM LIABLITY AS TO COUNTS SIX AND TWENTY OF PLAINTIFF'S COMPLAINT.

Nothing in Plaintiff's Opposition changes the fact that Counts Six and Twenty of Plaintiff's Complaint should be dismissed.  As previously set forth, the Defendants are immune from liability for any alleged negligence pursuant to *N.J.S.A.* 59:5-2b.  Therefore, Counts Six and Twenty of Plaintiff's Complaint must be dismissed with prejudice as to all Defendants named therein for the reasons set forth in Defendants' moving brief.

803487.1

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 8

**II.   COUNTS THIRTEEN AND FOURTEEN OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AGAINST THE DEFENDANT OFFICERS BECAUSE PLAINTIFF DID NOT SUFFER ANY DUE PROCESS VIOLATION.**

Plaintiff's claims for violations of his due process rights must be dismissed.  As an initial matter, it is worth mentioning that again, Plaintiff cites to paragraphs that are not present in the Complaint at Bar.  (*See* Pl. Opp. p. 14.)  Furthermore, other than a barebone and conclusory recitation of the elements of a due process action involving police pursuits, the Complaint and Plaintiff's Opposition contain no other factual averments or viable arguments to establish a due process claim.  The "facts" Plaintiff relies on are no more than conclusions and are not entitled to the assumption of truth.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787, 790 (3d Cir. 2016); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.")  As set forth in Defendants' moving brief, the Plaintiff has failed set forth a viable claim under *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) and *Davis v. Hillside*, 190 F.3d 167 (3d Cir. 1999).  The Plaintiff has presented nothing to establish that the officers acted with an intent to harm him in this hyper pressurized environment and Counts Thirteen and Fourteen must be dismissed.  *See Fitzgerald v. Bellmawr Borough*, No. 05-1264, 2007 WL 2687456, at *8 (D.N.J. Sept. 6, 2007) (dismissing Complaint where Plaintiff failed to present any evidence that pursuing Officer acted with an intent to harm).

8

803487.1

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 9

**III.   PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS AGAINST THE CITY MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THAT THE CITY ADOPTED A POLICY, PRACTICE, OR CUSTOM THAT CAUSED PLAINTIFF'S INJURIES.**

Plaintiff has not sufficiently alleged the elements required for a finding of § 1983 liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 659 (1978).  In opposition to the Defendants' requests for dismissal of his Section 1983 claims, Plaintiff argues that he has "alleged all the requisite elements to support these claims."  (Pl. Opp. p. 18.)  Plaintiff ignores that reciting the elements of a *Monell* cause of action is not enough to maintain a Section 1983 cause of action since this does not provide the necessary factual support to state a claim. *See, e.g., Schweizer v. Middle Twp. Mayor and Governing Body*, No. 17-960, 2018 WL 2002792, at *4 (D.N.J. Apr. 30, 2018) (dismissing §1983 claims because complaint "merely  provide[d] conclusory allegations as to the municipal defendants' policy,  custom, and training  failures,  without  any factual support");  *Estate of Bard v. City of Vineland*, No. 17-1452, 2017 WL 4697064, at *3 (D.N.J. Oct. 19, 2017) (dismissing §1983 claims because allegations were "simply  conclusory restatements of the legal elements of unconstitutional policy, custom, and failure to train claims under *Monell*.")  Plaintiff has failed to articulate any viable argument that could save his Section 1983 claims from dismissal, and accordingly, Plaintiffs' Section 1983 claims should be dismissed for the reasons set forth herein and in Defendants' moving brief.

Furthermore, Plaintiff's attempt to rely on *Fagan v. City of Vineland*, 22 F.3d 1283, 1292

LITE DEPALMA
GREENBERG

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 10

(3d Cir. 1994) is misplaced. "Subsequent to *Fagan*, the United States Court of Appeals for the Third Circuit has clearly stated that it "carefully confined *Fagan* to its facts: a substantive due process claim resulting from a police pursuit."[4] *Cole ex rel. Cole v. Big Beaver Falls Area Sch. Dist*., CIV. A. 08-776, 2009 WL 3807185, at *8 (W.D. Pa. Nov. 12, 2009) (citing *Grazier v. City of Philadephia*, 328 F.3d 120, 124 n. 5 (3d Cir.2003)). Thus, Plaintiff cannot rely on this case to support unrelated 4th Amendment claims.   In addition, courts after *Fagan* have held that a plaintiff cannot pursue a municipal liability claim without individual liability. *See Estate of Thomas v. Fayette Cty.*, 194 F. Supp. 3d 358, 378 (W.D. Pa. 2016) (collecting cases). Furthermore, *Fagan* stands for the proposition that the City can independently violate the Constitution if it has a policy, practice, or custom of deliberate indifference that causes a constitutional deprivation but as previously set forth, the Complaint fails to establish such a policy, practice, or custom.   *See Washington-Pope v. City of Philadelphia*, 979 F. Supp. 2d 544, 576 (E.D. Pa. 2013).  Moreover, *Fagan* is also inapplicable since Plaintiff has failed to establish that he suffered any constitutional violation at all, a requirement for municipal liability to exist. *See Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006)  (citations omitted).

Therefore, Plaintiff's Section 1983 claims must be dismissed.[5]

---

[4] The Plaintiff's due process claims fail for the reasons set forth above.

[5] All of Plaintiff's NJCRA claims raised against the City and Defendant Officers (Count Eight, Count Nine, Count Ten, Count Fourteen, Count Seventeen, and Count Nineteen) should be dismissed because they are duplicative of his Section 1983 claims.

803487.1

**LITE DEPALMA**
**GREENBERG**

Hon. Brian R. Martinotti, U.S.D.J.
November 12, 2019
Page 11

## CONCLUSION[6]

For the foregoing reasons, the City and Defendant Officers respectfully submit that the

Plaintiff's Complaint fails to satisfy the requirements of *Twombly* and *Iqbal*. Accordingly, the

City's motion to dismiss should be granted pursuant to *F.R.C.P.* 12(b)(6).

<strong>LITE DEPALMA GREENBERG, LLC</strong>

Date: November 12, 2019

/s/*Victor A. Afanador*
Victor A. Afanador
Jonathan M. Carrillo
570 Broad Street, Suite 1201
Newark, New Jersey 07102
vafanador@litedepalma.com
jcarrillo@litedepalma.com
*Attorneys for Defendants, the City of Jersey City, Philip Zacche, James Shea, Officer Enrique Encarnacion, Officer Melange A. Ramirez, Officer Alexander Ramkesoon, Officer T. Zambrzycki, Officer K. Wendolowski, Officer D. Coleman, Officer P. Egan, Sgt. S. Broderick, Officer N. Gerardi, Officer M. Cortes, Sgt. J. Ransom, Officer A. Rutkowski, Officer M. Szymanski, Sgt. C. Bereguette, Officer A. Cruz, Officer G. Icabalceta, Officer A. Roman, Officer M. Velez, Officer C. Ortiz, Office Brazicki, Office R. Bustamante, Officer R. Oseguera, Officer A. Scally*

---

[6] Defendants' rely on their moving brief in support of their request for dismissal of Plaintiff's punitive damages claim and in support of the defense of qualified immunity.