UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEO PINKSTON,<br><br>    *Plaintiff,*<br><br>v.<br><br>CITY OF NEW JERSEY et al.,<br><br>    *Defendants.* | Civil Action No. 19-cv-13285(MEF)(JSA)<br><br>**OPINION** |

This case was initiated by complaint filed on May 31, 2019. It named twenty-four defendants; some have since been dismissed. One of the remaining defendants is the Director of the Jersey City Department of Public Safety, James Shea.

On May 25, 2023, this case was reassigned to the undersigned.

The undersigned has not yet issued any orders with respect to this case, or made any legal or factual determinations.

During the first week of July, the undersigned realized that one of the remaining defendants in this case is, as noted above, Mr. Shea. Mr. Shea is a person who the undersigned has had certain interactions with over the years.

In light of the above, the Court has taken four steps.

First, immediately upon realizing that Mr. Shea remained a defendant in the case, the Court scheduled a conference with lawyers for all of the parties. The conference was conducted on July 10, 2013, on the record. At the conference, the Court described its interactions over the years with Mr. Shea. And the Court asked the parties to reflect for a few days on two

1

things: (1) whether they believed that there was any basis for the undersigned to recuse from the case, and (2) whether they needed more information to take a position as to that question.

On July 13, the Court convened follow-up telephonic status conferences. These, too, were on the record. Lawyers for each of the parties confirmed (1) that they did not require additional information and (2) that they did not believe there was any basis for the undersigned to recuse from the case.

In addition, counsel for Mr. Shea confirmed that Mr. Shea had described his relationship with the undersigned in essentially the same way that the undersigned had at the July 10 conference.

Second, United States District Judges are subject to the Code of Conduct for United States Judges. See Code of Conduct for United States Judges ("Code of Conduct") at 2 ("This Code applies to United States . . . district judges[.]"); id. at 19 ("[a]ll judges should comply with this Code").

The Code includes a number of ethics-focused mandates. For example, it requires Judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Id. at Canon 2C. And, to cite another example, the Code tracks Title 18, United States Code, Section 455, and states that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned[.]" Id. at Canon 3C.

These can be open-ended standards, and Judges are permitted to seek advisory opinions as to the Code of Conduct from attorneys at the Administrative Office of the United States Courts. See id. at 2.

Here, the Court did so. The undersigned described in writing the relevant facts and circumstances to relevant personnel at the Administrative Office. The undersigned received back, earlier today, a written advisory opinion from an attorney at the Office of the General Counsel of the Administrative Office of the United States Courts. The opinion cited prior advisory opinions, as well as other sources. The opinion concluded that there is no reason under the Code for the undersigned to recuse from this case.

<u>Third</u>, the undersigned consulted with another United States District Judge in this District.  The undersigned described the relevant facts and circumstances, and the Judge confirmed that, in his judgment, there is no basis for recusal.

<u>Fourth</u> and finally, the Court conducted its own research and studied various relevant legal sources.  This research suggests no basis for recusing from this matter.

Given the above, the Court's preliminary conclusion is that there is no persuasive basis for disqualification here, and, because a judge is duty-bound to "hear and decide matters assigned, unless disqualified," Code of Conduct at Canon 3A, the Court's current intention is not to recuse from this case.

The Court will treat the preliminary conclusion described in the preceding paragraph as final unless any party comes forward with an objection before the close of business on July 24.  (The Court has previously afforded the lawyers for all the parties an opportunity to be heard, but there is little reason not to afford a bit of extra time now, for any further reflection.)

DATE:   July 19, 2023

_____
Michael E. Farbiarz, U.S.D.J.